**3**

JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
Karin M. Bruce, State Bar #292245
P. O. Box 1708
Sacramento, CA 95812-1708
(916) 239-6666
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 17-22648-B-13J |
| | ) | DC No.: RAH-004 |
| | ) | |
| | ) | **TRUSTEE'S OPPOSITION TO** |
| DONALD TRECO, | ) | **DEBTOR'S MOTION TO CONFIRM** |
| | ) | **FIRST AMENDED PLAN** |
| | ) | |
| | ) | |
| | ) | |
| | ) | DATE: 10/17/2017 |
| | ) | TIME: 1:00 P.M. |
| _____ Debtor(s) | ) | COURTROOM: 32 |

JAN P. JOHNSON, STANDING CHAPTER 13 TRUSTEE, opposes the Debtor(s) motion as:

1. Feasibility of the plan depends on the granting of the motions to value collateral for Alaska USA Federal CU and Thunderroad Financial LLC Pursuant to Local Bankruptcy Rule 3015-1(j), the debtor must file, serve and set for hearing a valuation motion and the hearing on valuation must be concluded before or in conjunction with

1

the confirmation of the plan. If a motion is not filed, or it is unsuccessful, the Court may deny confirmation of the plan. Although the debtor has filed these motions to value the collateral, they are set for hearing on 10/17/2017. The trustee cannot recommend confirmation of the plan unless the motion to value collateral is granted.

2. The plan payments in the amount of $1,360.00 for months 1-12 and 1,357.19 for months 13-60 do not equal the aggregate of the trustee's fees, monthly post-petition contract installments due on Class 1 claims, the monthly payment for administrative expenses, and monthly dividends payable on account of Class 1 arrearage claims, Class 2 secured claims and executory contract and unexpired lease arrearage claims. The aggregate of these monthly amounts plus the trustee's fee are $1,372.19 for months 1-12 and $1,375 for months 13-60. The Trustee has calculated these amounts using a 10% Trustee fee. While our Trustee Fee is currently 8.5% as of 10/01/2017, there is a chance that this will increase over the life of the plan which is why the Trustee calculated the plan using the higher percentage. The plan fails to comply with Section 4.02 of the mandatory form plan.

3. The motion incorrectly cites the date that the plan was filed. The motion states that the Debtor would like to confirm the plan dated August 15, 2017, however, there is no plan that was filed on that date. The Trustee believes that the Debtor meant to state they wish to confirm the plan dated August 18, 2017. The Trustee requests that this correction be noted in the order confirming the plan.

4. The Trustee cannot assess the feasibility of the plan. The motion states that the unsecured creditors will receive a dividend of no less than 9.97% of their claim, however, the plan states that they will receive a dividend of no less than 10%. According to the Trustee's calculations, the plan does calculate out at no less than

10% so the Trustee requests that this correction be noted in the order confirming the plan.

WHEREFORE, the trustee requests the DEBTOR'S MOTION TO CONFIRM FIRST AMENDED PLAN be denied until such time as the above stated issue(s) are resolved. The trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Date: 10/02/2017

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee