JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
Karin M. Bruce, State Bar #292245
P. O. Box 1708
Sacramento, CA 95812-1708
(916) 239-6666
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 17-22648-B-13J |
| | ) | DC No.: RAH-007 |
| | ) | |
| | ) | **TRUSTEE'S OPPOSITION TO** |
| DONALD TRECO, | ) | **DEBTOR'S MOTION TO CONFRM** |
| | ) | **SECOND AMENDED CHAPTER 13** |
| | ) | **PLAN AND COUNTER MOTION** |
| | ) | **TO CONDITIONALLY DISMISS CASE** |
| | ) | |
| | ) | DATE: 3/13/2018 |
| | ) | TIME: 1:00 P.M. |
| Debtor(s) | ) | COURTROOM: 32 |

JAN P. JOHNSON, STANDING CHAPTER 13 TRUSTEE, opposes the Debtor(s) motion as:

1. The petition was filed on 4/20/2017. Although the debtor filed a plan on 1/27/2018, the debtor failed to utilize the mandatory form plan required pursuant to Local Bankruptcy Rule 3015-1(a) and General Order 17-03, Official Local Form EDC 3-080, the standard form Chapter 13 Plan effective December 1, 2017.

1

2. Feasibility of the plan depends on the granting of two motions to value collateral for <u>Alaska Credit Union and Thunder Road Financial.</u> Pursuant to Local Bankruptcy Rule 3015-1(i), the debtor must file, serve and set for hearing a valuation motion and the hearing on valuation must be concluded before or in conjunction with the confirmation of the plan. If a motion is not filed, or it is unsuccessful, the Court may deny confirmation of the plan. Although the debtor has filed both motions to value the collateral, they are set for hearing on 3/06/2018. The trustee cannot recommend confirmation of the plan unless the motions to value collateral are granted.

3. The trustee is unable to fully assess the feasibility of the plan. Pursuant to Local Bankruptcy Rule 3015-1(b)(6), the debtor is required to serve upon the trustee no later than fourteen (14) days after the filing of the petition a Class 1 Checklist and Authorization to Release Information to Trustee Regarding Secured Claims Being Paid by the Trustee. To date, the debtor has failed to provide the trustee with these documents. While the Trustee did receive a Class One Checklist from the Debtor it was not for the correct Alaska Federal Credit Union claim. The debtor has failed to comply with 11 U.S.C. §521(a)(3) and Local Bankruptcy Rule 3015-(b)(6).

WHEREFORE the Trustee prays that the Court enter an order denying confirmation of the debtor's plan, and an order dismissing the case unless the debtor obtains confirmation of an amended plan within 75 days of the date of entry of the order denying confirmation of the Debtors' Plan. The Trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Date: 2/26/2018

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee